UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL NATHANIEL SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-605-J |
| ) | |
| LUKE PETTIGREW, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Petitioner, a state prisoner appearing pro se, filed an Amended Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction (Amend. Pet.) [Doc. No. 9]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxwell Green consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxwell examined the Amended Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation recommending that the Amended Petition be dismissed as untimely (Rep. & Rec.) [Doc. No. 12]. Petitioner has objected (Petr.'s Obj.) [Doc. No. 13], triggering de novo review.

**I.     Background**

In 2002, a Grady County District Court jury found Petitioner guilty of first-degree murder. *See* Amend. Pet. at 1. Petitioner appealed, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the conviction on September 25, 2003. *See id.* at 2; *see also Scott v. Oklahoma*, Case No. F-2002-1346 (Okla. Ct. Crim. App.). Beginning in June 2006, Petitioner thereafter filed a series of applications for post-conviction relief and related appeals. *See* Rep. and Rec. at 3-4 (documenting Petitioner's state-court history). Petitioner sought habeas relief in this Court on July 18, 2022 alleging that the State of Oklahoma lacked jurisdiction to prosecute him under *McGirt v.*

*Oklahoma*, __ U.S. __, 140 S. Ct. 2452 (2020) because he is a member of the Muscogee (Creek) Nation and his crime occurred on Indian land. *See* Amend. Pet., *passim*; *see also* [Doc. No. 10 at 1].

## II.   The Report and Recommendation Findings

On review, Judge Green found that under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations period exists for § 2254 petitions and that Petitioner's claims were untimely under either 28 U.S.C. § 2244(d)(1)(A) or (C). *See* Rep. & Rec. at 8-10. In relevant part, that statute provides that the limitations period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> [or]
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2244(d)(1)(A), (C).

Beginning with § 2244(d)(1)(A), Judge Green concluded that Petitioner's conviction became final ninety days after the OCCA denied his direct appeal, on December 24, 2003. *See* Rep. & Rec. at 8. Thus, absent statutory or equitable tolling, Petitioner's one-year filing period expired on December 27, 2004.[1] *See id.* Judge Green then found that (1) Petitioner's applications for post-conviction relief were not filed within that one-year time frame and did not support statutory tolling, and (2) Petitioner had not articulated any grounds for equitable tolling. *See id.* at 8-9, 11-12.

---

[1] Petitioner's statute of limitations would have expired on December 25, 2004, a Saturday and national holiday. The next business day was December 27, 2004. *See* Fed. R. Civ. P. 6(a)(1)(C).

Turning to § 2244(d)(1)(C), Judge Green found that the *McGirt* decision has not been made retroactive and thus does not trigger this provision or otherwise extend the limitations period. *See id.* at 9-10.

### III.     Petitioner's Objections

Liberally construed, Petitioner argues that (1) the AEDPA should not apply in this case, (2) Oklahoma's refusal to recognize Indian land before *McGirt* was a state created impediment to filing a habeas petition and, relatedly, that he could not raise the *McGirt* issue before the decision was published, (3) his conviction is "void ab initio" and thus cannot be "final" under the AEDPA, (4) the *McGirt* jurisdictional issue is not subject to waiver, and (5) he is entitled to equitable tolling if the AEDPA statute of limitations is applied. *See* Pet.'s Obj. at 1-11.

####     A.     Application of the AEDPA

Petitioner first complains that the AEDPA should not apply to a *McGirt* challenge because AEDPA deference "presumes the state court had jurisdiction." Petr.'s Obj. at 2. However, as Judge Green discussed in the Report and Recommendation, this Court has rejected such a theory. *See Graham v. Pettigrew*, No. CIV-20-828-G, 2022 WL 9497308, at *2 (W.D. Okla. Oct. 14, 2022) ("district courts consistently hold that § 2244(d)'s timeliness limitations apply to habeas actions seeking relief under *McGirt*"); *Clark v. Crow*, No. CIV-22-296-J, 2022 WL 2136526, at *4 (W.D. Okla. May 16, 2022) (addressing petitioner's claim that the AEDPA should not apply "'on a lack of jurisdiction claim'" and holding "generally speaking, there is no exception in 28 U.S.C. § 2244(d)(1) for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction" (citation omitted; cleaned up)), *adopted*, 2022 WL 2135008 (W.D. Okla. June 14, 2022). Moreover, the Tenth Circuit recently applied the AEDPA's statute of limitations in affirming a district court's decision to deny a petitioner's request to amend her habeas petition to

raise a *McGirt* challenge on grounds that the amendment would be untimely. *See Pacheco v. El Habti*, 48 F.4th 1179, 1185-86 (10th Cir. 2022).

      **B.**      **State Created Impediment and/or an Inability to Challenge Jurisdiction Before *McGirt***

Petitioner next argues that the State's refusal to recognize Indian land was a state created impediment that prevented him from timely seeking habeas relief and/or he was unable to challenge the State's jurisdiction before the Supreme Court decided *McGirt*. *See* Petr.'s Obj. at 3-4, 6.

Presumably, Petitioner refers to 28 U.S.C. § 2244(d)(1)(B), which provides that the one-year limitation period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." However, § 2244(d)(1)(B) "typically applies when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020). Petitioner's "bold assertion that Oklahoma's pre-*McGirt* misunderstanding of the jurisdictional landscape in Oklahoma impeded [his ability to file a habeas application] is not the type of state-created impediment contemplated by § 2244(d)(1)(B)." *Owens v. Whitten*, No. 22-CV-0192-GKF-CDL, 2022 WL 14678728, at *5 (N.D. Okla. Oct. 25, 2022).

Moreover, while Petitioner may have faced an "uphill battle" arguing that the State of Oklahoma lacked jurisdiction over his crime (because he was an Indian and the crime was committed in Indian country) before the *McGirt* ruling, he at least "had the opportunity to take this path." *Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018);[2] *see also Willis v. Crow*, No.

---

[2] In *Lewis*, the question was whether the savings clause applied to petitioner's successive habeas claims. The petitioner alleged that the relevant Supreme Court ruling in *Mathis v. United States*,

CIV-22-92-J, 2022 WL 576559, at *2 (W.D. Okla. Feb. 25, 2022) (rejecting petitioner's argument that he could not have challenged the State of Oklahoma's jurisdiction before the *McGirt* ruling).

### C.     Finality

Petitioner further alleges that because the State of Oklahoma lacked jurisdiction over his crime, his conviction is "void ab initio (from the beginning)" and therefore cannot become "final" for purposes of applying the AEDPA's statute of limitations. Petr.'s Obj. at 13. However, Defendant's conviction was final before *McGirt* was decided, and the OCCA has determined that "*McGirt* and our post-*McGirt* decisions recognizing [the Cherokee, Choctaw, and Chickasaw Reservations] shall not apply retroactively to void a conviction that was final when *McGirt* was decided." *Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), *cert. denied*, *Parish v. Oklahoma*, No. 21-467 (U.S. Jan. 10, 2022). Because Petitioner's conviction is not void, it became final on December 24, 2003. *See supra* at 2; *see also Doak v. Nunn*, No. 22-6066, 2022 WL 3452832, at *2 (10th Cir. Aug. 18, 2022) (rejecting petitioner's argument that a conviction cannot become "final" under 28 U.S.C. § 244(d)(1)(A) if the state court lacked jurisdiction because "when a judgment becomes final depends only on when certain procedures have been completed").

### D.     Waiver

Petitioner additionally argues that a jurisdictional issue cannot be waived. *See* Petr.'s Obj. at 10. But Judge Green did not find that Petitioner's claims were waived; instead, she found them to be time-barred. And, as discussed above, this Court has "reject[ed] any contention that a § 2254

---

579 U.S. 500 (2016) was unavailable at the time he filed his first petition, because "the only way Lewis could've prevailed under § 2255 is if he anticipated *Mathis*, argued it in the face of conflicting Fifth Circuit precedent, secured a writ of certiorari or en banc review, and convinced the Supreme Court or en banc Fifth Circuit that his position was correct." *Lewis*, 736 F. App'x at 752. In response, the Tenth Circuit held: "We don't doubt that this would have been an uphill battle; but Lewis at least had the opportunity to take this path." *Id.*

5

petition raising a jurisdictional claim is exempt from the applicable limitations period." *Shields v. Crow*, No. CIV-21-1003-D, 2022 WL 291622, at *1 (W.D. Okla. Jan. 31, 2022); *see also Mathews v. Elhabte*, No. CIV-21-1023-R, 2022 WL 363357, at *1 (W.D. Okla. Feb. 7, 2022) (dismissing petitioner's jurisdictional *McGirt* challenge as untimely).

### E. Equitable Tolling

Finally, Petitioner claims that it would be a fundamental miscarriage of justice to find his *McGirt* challenge untimely and thus he is entitled to equitable tolling. *See* Petr.'s Obj. at 8-9. But when faced with the same argument, the Tenth Circuit has disagreed. *See Doak*, 2022 WL 3452832, at *3 ("the Supreme Court has 'explicitly tied the miscarriage of justice exception to the petitioner's innocence,'" and "[petitioner] has not even alleged innocence, so he does not qualify for the exception").

### IV. Conclusion

Having carefully reviewed the Amended Petition, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Green's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 12] and DISMISSES Petitioner's Amended Petition [Doc. No. 9] as untimely. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 4th day of November, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE